**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| David Joseph Koerner and<br>Jessica Anne Koerner, | ) )<br>) | Civil Action No.: |
| Plaintiffs, | ) ) | **COMPLAINT**<br>(Jury Trial Requested) |
| v. | ) ) | (Class Action) |
| Ocean Club Vacations, LLC, | ) ) | |
| Defendant. | ) )<br>) | |

COME NOW Plaintiffs complaining of Defendant and would respectfully show unto the Court and allege as follows:

INTRODUCTION

1. Plaintiffs David Joseph Koerner and Jessica Anne Koerner bring this Class Action on behalf of themselves and all other similarly situated persons who suffered violations of the South Carolina Vacation Time Sharing Plans Act (S.C. Code § 27-32-10, et seq.) ("Timeshare Act") by the Defendant Ocean Club Vacations, LLC.

2. The Timeshare Act sets forth the statutory requirements for the selling and leasing of timeshare interests to the public in the State of South Carolina.

3. The Timeshare Act specifically and unequivocally provides that it is a violation of for a timeshare seller to sell a South Carolina timeshare interest pursuant to a contract that does not conform the requirements of the Timeshare Act, specifically including certain *verbatim* language to be located in specific locations within such contract and otherwise in certain specific manners.

Page 1 of 9

4.      This class action complaint alleges that Defendant systematically and uniformly violated the foregoing statutory provision to the detriment of Plaintiffs and other timeshare purchasers insofar as it sold timeshare interests to the public pursuant to a form timeshare purchase contract that does not conform to such requirements of the Timeshare Act, in violation of the Timeshare Act, upon information and belief.

## PARTIES, JURISDICTION AND VENUE

5.      Plaintiffs are citizens and residents of the State of Georgia.

6.      Defendant Ocean Club Vacations, LLC, is a corporation organized and existing under the laws of the State of South Carolina with its agents, employees, and principal place of business in Horry County, South Carolina, upon information and belief.

9.      Plaintiffs are the purchasers for value and owners of a timeshare estate located in Horry County, South Carolina, sold to them by Defendant, as described particularly in their contract numbered 93-500300.

10.     Plaintiffs bring this action to enforce the provisions of the South Carolina Vacation Time Sharing Plans Act ("Timeshare Act") on behalf of themselves and on behalf of a class of similarly situated individuals pursuant to S.C. Code Section 27-32-130 et seq.

11.     The Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(d)(2) in that the matter in controversy, exclusive of interest and costs, exceeds the sum value of $5,000,000.00 and is a class action in which Plaintiffs and members of the Class are citizens of a state different from Defendant.

12.     The Court has personal jurisdiction over Defendant because Defendant operates, conducts, engages in, or carries on business in the state of South Carolina as well having offices located within the state of South Carolina. In addition, the Court has personal jurisdiction over

Defendant because Defendant conducts substantial, and not isolated, activity within the State of South Carolina and because Defendant has intentionally availed itself of the laws of the State of South Carolina.

13. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(1), as Defendant is a resident of South Carolina with its principal place of business located in this judicial district. In addition, venue is proper before the Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district and because a substantial part of property that is the subject of the action is situated in this district.

## GENERAL FACTUAL ALLEGATIONS

14. On or about June 15, 2014, Plaintiffs attended a timeshare sales presentation led by agents of Defendant.

15. During the timeshare sales presentation, Defendant's agents offered Plaintiffs the purchase of a timeshare vacation ownership interest in exchange for valuable consideration, as further described in the contract numbered 93-500300, with purchase price of $21,900.00 and an additional amount of $524.06 owed for closing costs.

16. Following the above-referenced timeshare sales presentation, Plaintiffs agreed to and accepted Defendant's offer and thereafter entered into such contract and paid Defendant valuable consideration for same, such being incorporated by reference herein.

17. Accordingly, Plaintiffs possess an ownership interest the described timeshare interest, located within Horry County, South Carolina.

18. Such timeshare purchase contract is governed by the requirements and provisions of the Timeshare Act insofar as the contract pertains to a timeshare interest located within South Carolina.

19. Further, such contract states specifically within its Paragraph 15 that it is to be governed by South Carolina law.

   a. Alternatively, should Florida law apply to said contract, Paragraph 15 is then false, rendering such timeshare purchase contract voidable as being a misrepresentation made to a timeshare purchaser in violation of the Timeshare Act.

20. Plaintiffs allege that their subject contract fails to meet the requirements of the Timeshare Act as follows:

   a. Fails to include the following specific language required by S.C. Code Section 27-32-40:

   ```
   "YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR OBLIGATION
   WITHIN FIVE DAYS AFTER THE DATE YOU SIGN THIS CONTRACT, NOT
   INCLUDING SUNDAY IF THAT IS THE FIFTH DAY, OR THE DATE YOU
   RECEIVE THE DISCLOSURE STATEMENT PURSUANT TO SECTION 27-32-
   100, WHICHEVER OCCURS LATER. IF YOU DECIDE TO CANCEL, YOU
   MUST NOTIFY THE SELLER IN WRITING OF YOUR INTENT TO CANCEL
   BY  SENDING  NOTICE  BY  CERTIFIED  MAIL,  RETURN  RECEIPT
   REQUESTED, OR BY ANOTHER VERIFIABLE MEANS, TO (NAME OF
   SELLER) AT (SELLER'S ADDRESS)."
   ```

   b. Fails to include the foregoing specific language in immediate proximity to the space reserved in the contract for the signature of the purchaser and in bold type required by S.C. Code Section 27-32-40;

   c. States that purchasers have a ten (10) day rescission period in contradiction to South Carolina law's five (5) day rescission period as set forth in the Timeshare Act;

   d. Fails to disclose that notice of any such request to rescind the contract must be sent by certified mail, return receipt requested, or by another verifiable means; and

   e. Such other and further ways as may be determined during discovery and/or

at trial.

21.     Plaintiffs further allege that their subject timeshare purchase transaction is otherwise in violation of the Timeshare Act as may be determined during discovery and/or at trial.

22.     Based upon the foregoing, Plaintiffs are entitled to void the subject timeshare contract pursuant to the Timeshare Act (S.C. Code § 27-32-10, et seq.).

23.     S.C. Code § 27-32-120 specifically states:

> Penalties for violation of chapter; effect on contract.
>
> (C) In addition to the penalties provided in this section, a contract for the sale of an interest in a vacation time sharing plan in violation of this chapter is voidable at the sole option of the purchaser and entitles the purchaser to a refund of all consideration paid by him pursuant to the contract.

24.     As a result of the foregoing, Plaintiffs have suffered and continue to suffer damages and losses specifically including, but not limited to, the amount paid for the purchase and maintenance of Defendant's timeshare interest, the use of the amounts paid for the purchase and closing costs of the Defendant's timeshare properties in the interim, maintenance fees and other amounts, including general and special assessments, interest thereon, and attorneys' fees, costs, and expenses.

25.     Plaintiffs are informed and believe that they are entitled to such damages in an amount to be determined at trial, as well as attorneys' fees, costs, and expenses, as may be permitted by the Court in its sound discretion.

## CLASS ACTION ALLEGATIONS

26.     Pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2), and 23(b)(3), Plaintiffs bring this class action on behalf of themselves and all other similarly situated individuals who are members of the following defined Class:

> All purchasers of a timeshare interest from Defendant pursuant to a contract containing the foregoing specified violations sold by Defendant.

Excluded from the Class are all directors, officers, agents, and employees of Defendant and the courts to which this case may be assigned.

27.     This action is properly brought as a class action under Rule 23 of the Federal Rules of Civil Procedure for the following reasons:

(a)     The Class consists of hundreds or possibly thousands of persons, making the members of the Class so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

(b)     There are questions of law and fact common to the members of the Class, which questions predominate over any question affecting only individual members of the Class. The predominant questions of law and fact include:

1)     Whether Defendant violated the Timeshare Act by selling timeshares to the general public, including to the Plaintiffs, pursuant to form timeshare purchase contracts that violate the Timeshare Act as set forth above;

2)     Whether Plaintiffs and Class Members are entitled to void such deficient timeshare contracts for such unregistered timeshares pursuant to the Timeshare Act, S.C. Code § 27-32-120;

3)     Whether Plaintiffs and Class Members are entitled to actual, incidental, and consequential damages, interest thereon, and if so, in what amounts; and

>> 4) Whether Plaintiffs and Class Members are entitled to costs, expenses, and attorneys' fees, and if so, in what amount.

28. Defendant has acted (or failed to properly act) on grounds generally applicable to the Class as a whole in that they have engaged in a routine and systematic course of conduct in selling timeshares to Plaintiffs and Class Members pursuant to form contracts that violate the Timeshare Act.

29. Plaintiffs' claims are typical of the claims of members of the proposed Class as all claims are based on the same factual and legal theories.

30. Plaintiffs will fairly and adequately protect the interests of Class Members and Plaintiffs have no conflicts with the other members of the Class.

31. Plaintiffs have retained as counsel attorneys that are experienced in timeshare law, class action law, and complex litigation.

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

> a) Given the size of the proposed Class, individual joinder of each Class Members' claims is impracticable;
>
> b) Class Members are likely to be unaware of their rights;
>
> c) Given the amount of damages suffered by individual Class Members, as well as the unlikelihood that many Class Members will know their rights have been violated, most Class Members have little ability to prosecute an individual action due to the complexity of issues involved in this litigation and the significant costs attendant to litigation on this scale;
>
> d) When the liability of Defendant has been adjudicated, claims of all Class

Members can be determined by the Court;

e) This action will cause an orderly and expeditious administration of the Class Members' claims, and economies of time, effort, and expense will be fostered and uniformity of decisions will be insured;

f) Other available means of adjudicating the claims of Plaintiffs, Class Members–such as hundreds or thousands of individual actions brought separately and pursued independently in courts throughout the state–are impracticable and inefficient; and

g) This action presents no difficulties that would preclude management by the Court as a class action.

## FOR A FIRST CAUSE OF ACTION
**Violation of the South Carolina Vacation Time Sharing Plans Act**

33. Plaintiffs re-allege the paragraphs above as if fully restated herein and further state as follows.

34. Defendant and its agents are sellers of a vacation time sharing plan or are in the business of selling interests in a vacation time sharing plan within the definition set forth in S.C. Code § 27-32-10, et seq.

35. The timeshare interest purchased by Plaintiffs, as set forth above, is part of a vacation time sharing plan as defined in S.C. Code § 27-32-10, et seq.

36. The timeshare interest purchased by Plaintiffs, as set forth above, was intended to be part of a vacation time sharing plan as defined in the Timeshare Act, S.C. Code § 27-32-10, et seq.

37. Upon information and belief, Defendant and its agents failed to meet all legal and statutory requirements to engage in the sale of timeshare interests as set forth more particularly

above.

38.     Due to Defendant and its agents' failure to meet all legal and statutory requirements to engage in the sale of timeshare properties to the public, Defendant violated the Timeshare Act.

39.     Plaintiffs are entitled to judgment against Defendant for violation of the Timeshare Act in an amount to be determined at trial, as well as for a rescission of the subject timeshare purchase contract as set forth in the Timeshare Act.

**WHEREFORE**, having fully set forth their Complaint against Defendant, Plaintiffs pray that the Court inquire into the matters set forth herein and issue its Order as follows:

a.     Certifying the Class requested herein, appointing Plaintiffs as class representatives to act on behalf of the Class, and appointing their attorneys as counsel for the Class;

b.     Granting Plaintiffs judgment against Defendant for violations of the Timeshare Act for actual and other damages in an amount to be set forth at trial, interest thereon, as well as for a rescission of all timeshare purchase contracts and the return of the subject timeshare properties to Defendant; and

c.     Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Joseph DuBois
Joseph DuBois (Fed I.D. No.:  9459)
Zach S. Naert (Fed. I.D. No.: 10606)
**Naert and DuBois, LLC**
22 New Orleans Road, Suite 1
Post Office Box 7228 (29938)
Hilton Head Island, SC  29928
Tel:  (843) 686-5500 - Fax:  (843) 686-5501
joe@lowcountrylegal.com
zach@lowcountrylegal.com